IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In the Matter of the | ) | |
|     Mary Jane Mathis Rutherford | ) | |
|     Marital Trust, | ) | |
| | ) | |
| LARRY DON MATHIS, and | ) | |
| BILL JAMES MATHIS, as Trustees and | ) | |
| Remainder Beneficiaries of the Mary Jane | ) | |
| Mathis Rutherford Marital Trust, | ) | |
| | ) | |
|         Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. CIV-23-917-R |
| | ) | |
| JAMES MORGAN RUTHERFORD, SR.; | ) | |
| and JAMES MORGAN RUTHERFORD, | ) | |
| JR., | ) | |
| | ) | |
|         Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Defendants' Partial Motion to Dismiss Plaintiffs' First Amended

Complaint [Doc. 11]. Parties have fully briefed the issues [Docs. 14, 15], and the matter is

ripe for adjudication. The Court DENIES the Motion in part and GRANTS the Motion in

part.

## I.    FACTUAL BACKGROUND

This dispute stems from a stepfather's administration of a family trust. Larry Don

Mathis and Bill James Mathis, Plaintiffs and brothers, are sons to the late Mary Jane Mathis

Rutherford. Doc. 9: Compl. at ¶ 11. Prior to her passing in 2001, Ms. Mathis Rutherford

had executed a Last Will and Testament which created the Mary Jane Mathis Rutherford

Marital Trust. *Id.* at ¶ 12. Ms. Mathis Rutherford named James Rutherford Sr., her husband

at the time, as the Trust's income beneficiary and Trustee for as long as he lived. *Id.* The Trust also designated Larry and Bill Mathis as remainder beneficiaries and successor trustees. *Id.* It did not provide for James Rutherford Jr., Mr. Rutherford's son from a prior relationship and stepbrother to the Mathis Brothers. *Id.*

The Trust held the couple's house in Oklahoma City as its primary asset. *Id.* at ¶ 15. From Ms. Mathis Rutherford's passing until June 2021, Rutherford Sr. resided in the home as he was entitled to as the income beneficiary under the terms of the Trust. *Id.* at ¶ 13. The maintenance and administration of the house was his duty as Trustee. *Id.* at ¶ 15. However, after he fell ill, Rutherford Sr. moved closer to his family in Texas. *Id.* at ¶ 16. At that time, the Mathis Brothers allege they discovered several problems with the house's upkeep, including "landscaping and irrigation issues; water pooling at the foundation; a raccoon infestation in the attic; damage to insulation and sheetrock; and a stringent odor throughout the home." *Id.* Additionally, they discovered the Trust had not paid ad valorem taxes on the residence for some time. *Id.* at ¶ 17. The Mathis Brothers then advanced funds out of pocket to rectify the issues, and they proposed solutions for administration of the Trust and the home to their stepfather. *Id.* at ¶ 19. Rutherford Jr. declared that he was handling this situation on behalf of Rutherford Sr. because of his father's poor health and rejected the Mathis Brothers' proposals. *Id.* at ¶ 20.

In December 2021, the Mathis Brothers filed an action in state court to remove Rutherford Sr. as Trustee. *Id.* at ¶ 21. Plaintiffs undertook the effort in response to Rutherford Sr.'s alleged mismanagement of the primary Trust asset and Rutherford Jr.'s alleged plan to usurp the role of Trustee for himself. *Id.* During the pendency of this state

court action, the Rutherfords sold the house in an "off-market" sale for a value well below an expected market price. *Id.* at ¶¶ 28, 32-35. The sale closed on August 3, 2022, at a price of $360,000. *Id* at ¶ 28, 35. Realtor records suggest the house could have sold for substantially more, but the sellers "said they would be willing to sell it for less if they could sell it off market." *Id.* at ¶¶ 32-33. Following the sale, Rutherford Sr. issued a $100,000 unsecured loan to Rutherford Jr. from the Trust's proceeds. *Id.* at ¶¶ 44-46. Rutherford Jr. was to make monthly payments on the Promissory Note directly to Rutherford Sr. as the Trust's income beneficiary. *Id.* at ¶ 45.

Upon learning of the sale of the house only after closing, the Mathis Brothers successfully petitioned the state court to enjoin Rutherford Sr. from withdrawing, transferring, or encumbering the proceeds of the sale without a court order or their written consent.[1] *Id.* at ¶¶ 30, 38. On the day the Order was entered, Rutherford Sr. had withdrawn $42,722 from the Marital Trust account. *Id.* at ¶ 40. Two months later, Rutherford Sr. resigned as Trustee, and the Mathis Brothers succeeded him as Co-Trustees. *Id.* ¶¶ 41-42. Only upon subsequent court-ordered production of the Trust's financial records did the Mathis Brothers learn of the existence of the Promissory Note to Rutherford Jr. *Id.* at ¶ 44.

The Mathis Brothers bring this action in both their trustee and beneficiary capacities against the Rutherfords under this Court's diversity jurisdiction. They allege Rutherford Sr. breached the fiduciary duty he owed to them as beneficiaries. *Id.* ¶¶ 55-70. Additionally, they allege both Rutherford Sr. and Rutherford Jr. defrauded them. *Id.* ¶¶ 82-92. The Mathis

---

[1] The Trust had already issued the loan to Rutherford Jr. prior to this Order.

Brothers, as Trustees, also claim Rutherford Jr. breached the terms of the Promissory Note owed to the Trust. *Id.* ¶¶ 71-81. Finally, the Brothers request a court-ordered accounting of Rutherford Sr.'s actions as Trustee. *Id.* ¶¶ 93-98. Defendants move to dismiss only the breach of fiduciary duty, fraud, and accounting causes of action under FED. R. CIV. P. 12(b)(6).

## II.   LEGAL STANDARD

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. (citations omitted). In making its dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true and construe the allegations in the light most favorable to the claimant. *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Determining whether a claim is plausible varies based on context and requires the Court to draw on judicial experience and common sense. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [the] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Id.* at 1192. "In other words, Rule 8(a)(2) still lives." *Id.* at 1191.

Fraud claims require a heightened standard of pleading, in which "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Rule 9(b)'s primary objective is to provide the "defendant fair notice of the plaintiff's claim and the factual ground upon which it is based." *Wachovia Bank, N.A. v. Bank of Oklahoma, N.A.*, CIV-06-0263, 2006 WL 2934267 at *1 (W.D. Okla. Oct. 13, 2006). The Tenth Circuit requires allegations of fraud to "set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal quotation omitted). In effect, Rule 9(b) requires pleading "the who, what, when, where, and how of the alleged fraud[.]" *Farrow v. State Farm Fire & Cas. Co.*, CIV-21-351, 2023 WL 2733400 at *5 (W.D. Okla. Mar. 31, 2023) (internal quotation omitted).

## III.   DISCUSSION

Defendants seek to dismiss Plaintiffs' causes of action alleging breach of fiduciary duty, fraud, and request for an accounting. The Court finds Plaintiffs have plausibly stated claims of a breach of fiduciary duty and fraud. However, Plaintiffs' request for an accounting is improperly styled as a separate cause of action and is premature at this point. Thus, Defendants' Motion is DENIED in part and GRANTED only with respect to the accounting request.

*A. Breach of Fiduciary Duty*

To properly state a claim, the Mathis Brothers must plead facts plausibly demonstrating that (1) a fiduciary relationship existed between Rutherford Sr. and themselves; (2) a duty arose out of that relationship; (3) Rutherford Sr. breached the duty

owed to them; and (4) the breach proximately caused them damages. *See F.D.I.C. v. Grant*, 8 F. Supp. 2d 1275, 1299 (N.D. Okla. 1998) (defining the elements of a breach of fiduciary duty claim based upon a review of Oklahoma authorities). Specifically, the Plaintiffs point to five instances of Rutherford Sr. breaching a duty owed to them. They allege he breached his duty by: (1) failing to maintain the residence; (2) failing to pay ad valorem taxes on the residence; (3) selling the house for less than fair market value; (4) loaning money to Rutherford Jr. in a self-dealing transaction; and (5) withdrawing funds for personal use that were unauthorized by the Trust. Given that Plaintiffs need only present a plausible right to relief at this stage, they have satisfied their burden.

First, Plaintiffs adequately allege the existence of a fiduciary duty that Rutherford Sr., as Trustee, owed to them as remainder beneficiaries of the Trust. Plaintiffs point to the language of the Trust itself to demonstrate that, "the Trustees shall exercise such powers at all times in a fiduciary capacity primarily in the best interest of the beneficiaries hereunder[.]" Compl. at ¶¶ 15, 24 (quoting Section 5.09 of the Trust). Moreover, Oklahoma law establishes the existence of a fiduciary duty between trustees and beneficiaries. *See, e.g., Smith v. Baptist Found. of Oklahoma*, 50 P.3d 1132, 1144 (Okla. 2002); *Panama Processes, S.A. v. Cities Service Co.*, 796 P.2d 276, 290 n. 61 (Okla. 1990) ("Examples of fiduciary relations are those existing between . . . trustee and cestui que trust[.]").

Second, Plaintiffs provide sufficient factual allegations in their Complaint, when construed in their favor, for a breach of that duty to appear plausible. As stated, the Trustee was obligated to exercise his power in the "best interests of the trusts and the beneficiaries hereunder[.]" Compl. ¶¶ 60-63 (quoting Section 5.09 of the Trust). Furthermore, the

Trustee had a duty to not engage in self-dealing or "deal with any person with respect to any of the trust assets for less than adequate consideration[.]" *Id.* at ¶ 63. Plaintiffs allege the sale of the house below market value, the unsecured loan to Rutherford Jr., and the distribution to Rutherford Sr. prior to the state court's order restricting his Trustee power all violated the Trustee's fiduciary duties. *Id.* Defendants argue those decisions fall comfortably within the discretion the Trust affords the Trustee. Perhaps so. However, that determination is not for this Court to make at this stage of litigation. For now, it is sufficient that such actions plausibly appear to violate that fiduciary standard.

With respect to Rutherford Sr's alleged failure to maintain the residence or pay ad valorem taxes on behalf of the Trust, a breach of duty is similarly plausible. The Trustee was obligated to maintain the residence by making ordinary and extraordinary repairs and pay all other necessary expenses for upkeep of the residence. *Id.* at ¶ 29 (citing Section 5.23 of the Trust). A failure to rectify a raccoon infestation in the attic, water pooling at the foundation, or a failure to pay necessary taxes are plausible breaches of this duty.

Finally, Defendants take aim at the Mathis Brothers' claim that these breaches proximately caused them damages. Defendants seemingly state that the Mathis Brothers have no damages because they are (1) not current income beneficiaries to the Trust, and (2) the Brothers, as creditors of the Trust via advancing it funds to pay back taxes and make repairs, were thereafter paid in full. This argument misunderstands the dual role the Plaintiffs occupy in bringing this case. Plaintiffs, as remainder beneficiaries, are owed fiduciary duties—and thus harmed by a breach of those duties—just as an income beneficiary is harmed. Oklahoma law does not distinguish between the two. OKLA. STAT.

tit. 60, § 175.3(K); *see Smith v. Lopp*, 466 P.3d 642, 654 (Okla. Civ. App. 2019). Furthermore, the fact that the Trust paid back the personal advance made by Plaintiffs is insufficient to moot the claim. Plaintiffs argue their damage was not the outstanding balance they had loaned the Trust (which Rutherford Sr. paid back using the proceeds of the allegedly wrongful sale of the house). Rather, Plaintiffs argue Rutherford Sr.'s failure to maintain and pay taxes on the residence precipitated the need to sell the house and thereby decreased the Trust's value, damaging Plaintiffs.

The evidence may ultimately show that the damage occasioned by the five alleged breaches of duty resulted in a single tranche of compensable damages. However, the possibility that Plaintiffs' alleged damages are redundant does not render their claim of a breach of fiduciary duty implausible. Plaintiffs' claim survives.

*B. Fraud*

Count III of Plaintiffs' Complaint alleges fraud against each Defendant. Plaintiffs plead two forms of recognized fraud in Oklahoma: actual and constructive. *Lillard v. Stockton*, 267 F.Supp.2d 1081, 1111-13 (N.D. Okla. 2003). Neither the Complaint nor the Defendants' Motion to Dismiss addresses the two theories of fraud separately, so if the Court finds either theory of fraud plausibly alleged, dismissal of the cause of action is inappropriate.[2] Here, Plaintiffs plausibly allege constructive fraud by both Defendants with particularity, requiring denial of the motion in this regard.

---

[2] Accordingly, the Court need not discuss both theories if the Complaint provides adequate factual allegations to support a fraud claim under either theory.

Constructive fraud in Oklahoma is based on the breach of a duty owed to the plaintiff. *Id.* at 1113. Silence can constitute constructive fraud if one has the duty to speak. *Id.* Plaintiffs must demonstrate: (1) the defendant owed them a duty of full disclosure; (2) the defendant misrepresented or did not reveal a fact to the plaintiff; (3) the misrepresentation or omission was material; (4) the plaintiff relied upon it; and (5) the plaintiff experienced damages because of the misrepresentation or omission. *Id.* (collecting cases defining the elements of constructive fraud in Oklahoma). "[Constructive fraud] may be defined as any breach of duty which, regardless of the actor's intent, gains an advantage for the actor by misleading another to his prejudice." *Patel v. OMH Med. Ctr., Inc.*, 987 P.2d 1185, 1199 (Okla. 1999).

Plaintiffs allege sufficient facts to establish a plausible case of constructive fraud against each Defendant. For the reasons set forth above, Plaintiffs were owed fiduciary duties by the Trustee of the Trust and can pursue a claim of fraud against Rutherford Sr. in their beneficiary capacity. Plaintiffs allege the Rutherfords "intentionally concealed" their efforts in the summer of 2022 to sell the residence by doing so "off-market." Compl. at ¶ 87. They also allege the Defendants did not inform Plaintiffs or their counsel in July of 2022 that the house was under contract so that Plaintiffs would not discover from Defendants' counsel that the house was for sale. *Id.* at ¶ 88. Plaintiffs allege they relied on these material misrepresentations because they did not have an opportunity to object or seek to enjoin the sale of the Trust's principal asset as they would have had they known. *Id.* at ¶¶ 89-90. Finally, the Complaint states the sale of the house in this allegedly fraudulent manner damaged Plaintiffs by ridding the Trust of the opportunity for the house

to produce income as a rental property and by retrieving a below-market return on the Trust's principal asset. *Id.* at ¶¶ 32-33, 36.

As alleged above, these breaches of duty are attributable to the Trustee, Rutherford Sr., and present a plausible case for constructive fraud. However, Plaintiffs also plausibly allege fraud against Rutherford Jr. Plaintiffs state Rutherford Jr. engaged a realtor to sell the residence off-market on behalf of Rutherford Sr., and they note Rutherford Jr. had directed Plaintiffs that all communications regarding the Trust should go through him as his father's intermediary. *Id.* at ¶¶ 20, 28, 34. Thus, it is plausible the breaches of duty are also attributable to Rutherford Jr.

Defendants argue the Trustee had no duty to proactively inform beneficiaries of the decision to sell Trust property. However, it is evident the Trustee owed the beneficiaries a fiduciary duty to act in their best interests. Compl. at ¶¶ 60-63 (quoting Section 5.09 of the Trust). Also, in Oklahoma, "a trustee owes its beneficiaries the most abundant good faith, absolute and perfect candor, openness and honesty." *Smith*, 50 P.3d at 1144. Thus, it is plausible that Defendants' failure to inform beneficiaries of the plan to sell the house was in violation of the Trustee's duty.

Defendants' next argument that the litigation privilege serves to prevent an actionable fraud claim fails. It is premature to apply the privilege at this factually undeveloped stage of litigation. Moreover, Plaintiffs' claim of constructive fraud is founded upon the absence of a statement. Given the litigation privilege protects only "statements" made preliminary to or during judicial proceedings, *Samson Inv. Co. v.*

*Chevallier*, 988 P.2d 327, 329 (Okla. 1999), it would appear to have no impact on the plausibility of Plaintiffs' constructive fraud claim.

Plaintiffs successfully allege an actionable constructive fraud claim against both Rutherford Sr. and Rutherford Jr. Thus, the Court DENIES Defendants' motion with respect to Plaintiffs' Third Cause of Action.

*C. Request for Accounting*

Plaintiffs request an accounting from Rutherford Sr. as to the actions he took while Trustee despite his prior production of information pursuant to a state court order. Plaintiffs stylize this request for accounting as their fourth cause of action. Compl. at ¶¶ 93-98. However, this request is miscast as a cause of action given the circumstances.

Plaintiffs have a legal right to an accounting as a remedy to a breach of trust by a trustee under Oklahoma law. OKLA. STAT. tit. 60, § 175.57(B)(4). A court may invoke its equitable power to order an accounting only when the plaintiff lacks the legal right to an accounting, and it is the only adequate remedy. *Margaret Blair Trust v. Blair*, 378 P.3d 65, 73 (Okla. Civ. App. 2016). Because plaintiffs have a legal right to an accounting as a remedy under a breach of trust claim, an accounting is improper as an equitable cause of action. *See id.* at 74. The Court GRANTS Defendants' motion to dismiss the Fourth Cause of Action, but it considers accounting a possible remedy if a breach of fiduciary duty is ultimately proven.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. 11] is DENIED with respect to Plaintiffs' First and Third Causes of Action. It is GRANTED with respect to Plaintiffs' Fourth Cause of Action.

**IT IS SO ORDERED** this 11th day of March 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE