UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the Matter of the<br>    Mary Jane Mathis Rutherford<br>    Marital Trust,<br><br>LARRY DON MATHIS, and<br>BILL JAMES MATHIS, as Trustees and<br>Remainder Beneficiaries of the Mary Jane<br>Mathis Rutherford Marital Trust,<br><br>                Plaintiffs,<br><br>v.<br><br>JAMES MORGAN RUTHERFORD, SR.;<br>and JAMES MORGAN RUTHERFORD,<br>JR.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. CIV-23-917-R<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

    Before the Court is Plaintiffs Larry Don Mathis and Bill James Mathis's Motion to Compel [Doc. 26] seeking to compel responses to Plaintiffs' First Set of Discovery Requests [Docs. 26-1, 26-2]. Defendants James Morgan Rutherford, Sr. and James Morgan Rutherford, Jr. failed to respond to the Motion. Accordingly, the Motion is GRANTED in its entirety, including the portions of Plaintiffs' Motion requesting waiver of objections and attorney's fees.

    I.    **Background**

    Following entry of the Scheduling Order by this Court on May 2nd, 2024 [Doc. 20], the parties exchanged initial disclosures and Plaintiffs sent their First Set of Discovery Requests to both Defendants on June 12th, 2024 [Doc. 26, at p. 3]. The original response

deadline was July 12th, 2024 [Doc. 26, at p. 3]. At the time, Defendants were represented by counsel. However, just over two weeks later, Defendants' counsel filed their Motion to Withdraw as Attorney [Doc. 21], which was granted on July 2nd, 2024 [Doc. 22]. Due to health-related issues and unexpected delays, on July 12th, 2024, Defendants sought [Doc. 23] and received [Doc. 24] a two-week extension of time to respond to Plaintiffs' Discovery Requests. On August 1st, 2024, Defendants entered their appearance *pro se* [Doc. 25].

To date, Defendants have not submitted their responses. Due to Defendants' *pro se* status and inexperience, Plaintiffs afforded them significant leeway before filing the present Motion [Doc. 26, at ¶¶ 21-25]. During this time, Plaintiffs reminded Defendants of the respective deadlines and attempted to meet and confer with Defendants to discuss outstanding issues and coordinate discovery [Docs. 26-3, 26-5]. Their attempts, however, were met with promised production by certain dates and excuses when deadlines were missed [Docs. 26-3, 26-4]. The primary justification was cognitive decline [Doc. 26-4]. While Plaintiffs expressed understanding, the continued lack of compliance resulted in this Motion [Doc. 26-5]. Defendants did not respond.

**II.   Plaintiffs' Motion to Compel is Deemed Confessed**

Under Local Rule 7.1(g), "[e]ach party opposing a motion shall file a response within 21 days after the date the motion was filed. Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." LCvR7.1(g). As set forth above, because Defendants did not respond to Plaintiffs' Motion. Accordingly, the

Court exercises its discretion and deems it confessed. Moreover, the Court finds the Motion to be proper under Federal Rule of Civil Procedure 37.

Plaintiffs' Motion is brought pursuant to Federal Rule of Civil Procedure 37(a) [Doc. 26, at p. 1]. Under Rule 37(a)(1), a party may seek to compel discovery from an opposing party by giving notice to other parties and all affected persons and certifying that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Plaintiffs have satisfied the requirements for a valid motion to compel. All relevant parties have been notified of Plaintiffs' Motion, and Plaintiffs made the required certification of good faith attempts to confer [Doc. 26, at pp. 14-15]. Accordingly, Plaintiffs' Motion is properly brought before the Court, and seeing that the Motion is unopposed and legally valid, it is hereby granted.

### III. Waiver of Objections

Having deemed the Motion confessed, it has been established that Defendants have not timely objected to Plaintiffs' Discovery Requests. Accordingly, at issue is whether this failure constitutes a waiver.

Plaintiffs request that any potential objections to their interrogatories, requests for admission, and requests for production be deemed waived [Doc. 26, at p. 1]. Each is governed by a different Rule and carries with it—either explicitly or implicitly—the consequence of waiver for failure to timely object.

Interrogatories are governed by Federal Rule of Civil Procedure 33. Under Rule 33(b)(2), interrogatories must be answered or objected to within 30 days of service. Fed. R. Civ. P. 33(b)(2). Moreover, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Requests for admission are governed by Federal Rule of Civil Procedure 36. Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Requests for production are governed by Federal Rule of Civil Procedure 34. Under Rule 34(b)(2)(A), "[t]he party to whom the request is directed must respond in writing within 30 days after being served or—if the request was delivered under Rule 26(d)(2)—within 30 days after the parties' first Rule 26(f) conference." Fed. R. Civ. P. 34(a)(2)(A). And while Rule 34 does not contain an explicit waiver provision for failure to produce or object, this Court has agreed with sister jurisdictions and held that a failure to timely object to requests for production constitutes waiver. *See Weaver v. Legend Senior Living, LLC*, No. CIV-16-1230-R, 2017 WL 11675574, at *1 (W.D. Okla. Oct. 17, 2017).

Because Defendants failed to timely object to any of Plaintiffs' Discovery Requests, under Rules 33, 34, and 36, any potential objections are deemed waived.

## IV. Attorney's Fees

Finally, Plaintiffs seek an award of costs and attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) [Doc. 26, at p. 14]. Under Rule 37(a)(5)(A), upon the granting of a motion to compel,

> "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Fed. R. Civ. P. 37(a)(5)(A). There are three exceptions to the mandatory award of costs and attorney's fees:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

As established above, Defendants failed to respond to the present Motion. A responsive filing was the avenue to object to Plaintiffs' request for attorney's fees, and consequently, Defendants had the required "opportunity to be heard" required by Rule 37. Moreover, the Court does not find any of the three exceptions applicable. Therefore, the mandatory imposition of costs and attorney's fees incurred in making the present Motion is appropriate here and granted accordingly.

## V. Conclusion

Plaintiffs' Motion to Compel is GRANTED, Defendants' potential objections are deemed WAIVED, and Defendants are ordered to pay the costs and attorney's fees incurred

in making the Motion. Plaintiffs are directed to submit evidence of their reasonable costs and attorney's fees within fourteen (14) days of this Order. Defendants are directed to provide full and complete responses to each interrogatory and request for production within fourteen (14) days of this Order.[1] Finally, Defendants are advised that failure to comply with this Order may result in sanctions, including the entry of default judgment. *See* Fed. R. Civ. P. 37(b)(2).

    IT IS SO ORDERED this 23rd day of October, 2024.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' requests for admission are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).